## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| VAN BOWMAN,<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL, INC., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION, LLC,<br><br>Defendants, | Civil Action No:_____<br><br><br>**COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff VAN BOWMAN ("Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant ALLY FINANCIAL, INC. ("Ally"), Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and Defendant TRANS UNION, LLC ("Transunion"), collectively referred to as "Defendants", and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, and costs and attorneys' fees pursuant to 15 USC § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334, 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

3.      Venue in this District is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because a substantial part of the events or omissions giving rise to this claim occurred here.

4.      Joinder in this District is proper as to all Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

## PARTIES AND SERVICE

### Plaintiff Van Bowman

5.      Plaintiff is a resident of Bexar County, Texas, which is located in this district.

6.      At all times material hereto, Plaintiff is a "Consumer," as defined by 15 U.S.C. § 1681a(c).

### Defendant Ally Financial, Inc.

7.      Defendant Ally is a "Person" as defined by 15 U.S.C. § 1681a(b) and conducts substantial and regular business activities in this judicial district. Ally is a Michigan company registered to do business in the State of Texas with offices in Denton County, Texas, and may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

8.      At all times material hereto, Defendant Ally is a person who routinely furnishes information concerning Consumers and their debts to Consumer Reporting Agencies for the purpose of publishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(d).

**Defendant Experian Information Solutions, Inc.**

9.      Defendant Experian is a "Consumer Reporting Agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian has its corporate headquarters located in Allen, Texas at 701 Experian Parkway, Allen, Texas, 75013. Experian may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

10.     At all times material hereto, Experian is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

11.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Equifax Information Services, LLC**

12.     Defendant Equifax is a "Consumer Reporting Agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

13.     At all times material hereto, Equifax is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

14.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Trans Union, LLC**

15.    Defendant Transunion is a "Consumer Reporting Agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion may be served with process upon THE PRENTICE-HALL CORPORATION SYSTEM, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

16.    At all times material hereto, Transunion is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

17.    At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

**Defendant Ally's violation of 1681s-2b**

18.    In March 2023, Defendant Ally began furnishing an unauthorized account not opened by Plaintiff with a $24,038 reported balance (the "Account") to Plaintiff's Defendants Experian, Transunion, and Equifax credit report consumer reports.

19.    In May 2023, Plaintiff viewed his consumer report credit reports published by Defendants Experian, Equifax, and Transunion and discovered the unauthorized Account furnished by Defendant Ally with a reported balance of $24,710.

20.    On June 7, 2023, Plaintiff submitted a dispute with the Defendant Equifax, a Consumer Reporting Agency, which included a police report, an Federal Trade Commission ("FTC") report, a driver's license copy, evidence of his social security number, and proof of address.

21.     Experian, Transunion, and Equifax forwarded the dispute and an Automated Consumer Dispute Verification Form ("ACDV") to Defendant Ally.

22.     Despite Defendant Ally receiving the dispute, ACDVs, and accompanying documents from Equifax, Ally conducted a superficial investigation and reported back to the Equifax that the information furnished about the Account liability, balance, and payment status was "accurate" and should remain unchanged on Plaintiff's consumer reports.

23.     However, Transunion and Experian removed the Account from Plaintiff's consumer reports.

24.     Defendant Ally did not evaluate or review the documents which were included with Plaintiff's dispute and ACDV.

25.     Defendant Ally negligently or willfully failed to conduct a reasonable investigation of Plaintiff's Equifax, Transunion, and Experian disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with Plaintiff's disputes.

26.     Defendant Ally did not correct or delete the inaccurate or erroneous information relating to the Account but continued to report false and erroneous information to Equifax.

27.     As a result of the inaccurate information which remained on Plaintiff's Equifax consumer report relating to the Account, Plaintiff was denied credit opportunities and will continue to be harmed and injured by Defendant's erroneous and inaccurate reporting for up to 7 years.

28.     Due to Defendant Ally's negligent or willful failure to conduct a reasonable investigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

29.    For these reasons, Defendant Ally willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s2-b.

**Defendant Equifax's violation of 1681i**

30.    Defendant Equifax reported the unauthorized Account with a false balance and false account status to Plaintiff's Equifax credit report consumer report.

31.    On June 7, 2023, Plaintiff disputed the Account with Defendant Equifax, detailing the inaccuracies and attaching supporting documents which included a police report, an FTC report, a driver's license copy, evidence of his social security number, and proof of address.

32.    Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not contact Defendant Ally or review the supplied documentation provided by Plaintiff.

33.    Instead, Defendant Equifax did nothing more than parrot information from Defendant Ally.

34.    On June 18, 2023, Defendant Equifax sent Plaintiff a cursory response stating that the disputed unauthorized Account was reporting accurately and would remain on Plaintiff's Equifax credit report. See **Exhibit "A"**, a true and correct copy of the cursory response sent to Plaintiff by Equifax in which Equifax refuses to block the Account.

35.    Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

36.    Plaintiff was subsequently denied credit opportunities by creditors which cited the recency of the unauthorized Account as reason for the denial.

37.    Defendant Equifax failed to promptly delete or correct the inaccurate information relating to the Account.

38.    Defendant Equifax failed to block the information from Plaintiff's consumer report at all.

39.     The false and erroneous reporting of the Account by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

40.     Due to Defendant Equifax's negligent or willful failure to conduct a reasonable reinvestigation, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

41.     Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**<u>Defendant Equifax's violation of 1681e(b)</u>**

42.     Defendant Equifax did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

43.     Defendant Equifax did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving a dispute from Plaintiff relating to his consumer report and Account.

44.     Defendant Equifax failed to take adequate steps to verify information before Equifax included it in the Plaintiff's consumer reports and later published the report to users.

45.     The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

46.     Due to Defendant Equifax's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss

of appetite, and added stress to his daily routine.

47.     Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Experian's violation of 1681e(b)**

48.     Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

49.     Defendant Experian failed to take adequate steps to verify information before Experian included it in the Plaintiff's consumer reports and later published the report to users.

50.     The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

51.     Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

52.     Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Transunion's violation of 1681e(b)**

53.     Defendant Transunion did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion published a consumer report relating to the Plaintiff which contained erroneous information pertaining the

Account.

54.    Defendant Transunion failed to take adequate steps to verify information before Transunion included it in the Plaintiff's consumer reports and later published the report to users.

55.    The false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

56.    Due to Defendant Transunion's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

57.    Defendant Transunion willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

## **FIRST CAUSE OF ACTION**
### **Negligent Violation of the Fair Credit Reporting Act as to Defendant Ally**
### **15 U.S.C. § 1681s-2(b)**

58.    Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

59.    This is an action for negligent violation of the FCRA 15 U.S.C. § *et seq*.

60.    Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

61.    Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all

relevant information provided by the agency.

62.    The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

63.    Defendant Ally negligently violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendant Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

64.    Specifically, Defendant Ally continued to report an unauthorized account not opened by Plaintiff's as an account with an outstanding balance of $24,710 on Plaintiff's Equifax credit report consumer report.

65.    As a result of the conduct, action, and inaction of Defendant Ally, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

66.    The conduct, action, and inaction of Defendant Ally was negligent, rendering Ally liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

67.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

## SECOND CAUSE OF ACTION
### Willful Violation of the Fair Credit Reporting Act as to Defendant Ally
### 15 U.S.C. § 1681s-2(b)

68.    Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length

herein.

69.    This is an action for willful violation of the FCRA 15 U.S.C. § *et seq*.

70.    Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

71.    Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

72.    The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

73.    Defendant Ally willfully violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendant Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

74.    Specifically, Defendant Ally continued to report an unauthorized account not opened by Plaintiff's as an account with an outstanding balance of $24,710 on Plaintiff's Equifax credit report consumer report.

75.    As a result of the conduct, action, and inaction of Defendant Ally, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

76.    The conduct, action, and inaction of Defendant Ally was willful, rendering Ally liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

77.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681i(a) as to Defendant Equifax**

78.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

79.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

80.    Equifax negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

81.    Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d. The failure to promptly and adequately investigate information which

Equifax had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

82.     As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

83.     The conduct, action and inaction of Equifax was negligent, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

84.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

85.     **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

**FOURTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681i(a) as to Defendant Equifax**

86.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

87.     This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

88.     Equifax willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

89.     Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

90.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

91.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

92.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

93.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FIFTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681e(b) as to Defendant Equifax**

94.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

95.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

96.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files that Defendant Equifax maintained concerning Plaintiff.

97.    Defendant Equifax has negligently failed to comply with the FCRA. The failure of Equifax to  comply with the FCRA includes but is not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

98.    As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered

damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

99.     The conduct, action and inaction of Defendant Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

100.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

### SIXTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681e(b) as to Defendant Equifax**

101.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

102.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

103.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

104.    Defendant Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes but is not necessarily limited to the following:

     a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

     b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

     c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

     d.  The failure to promptly and adequately investigate information which

Equifax had notice was inaccurate;

e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

105.    As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

106.    The conduct, action and inaction of Defendant Equifax was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

107.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

<u>**SEVENTH CAUSE OF ACTION**</u>
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681e(b) as to Defendant Experian**

108.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

109.    This is an action for negligent violation of the FCRA, 15 U.S.C. § 1681 *et. seq.*

110.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

111.    Defendant Experian has negligently failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include but are not necessarily limited to the following:

      a.    The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

      b.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

      c.    The failure to take adequate steps to verify information that Defendant had reason to believe was inaccurate before including it in the credit report of the Plaintiff.

112.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

113.    The conduct, action and inaction of Defendant Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

114.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15. U.S.C. 15 § 1681(o).

## EIGHTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 USC § 1681e(b) as to Defendant Experian

115.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

116.    This is an action for willful violation of the FCRA, 15 U.S.C. § 1681 *et. seq.*

117.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

118.    Defendant Experian has willfully failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include but are not necessarily limited to the following:

   a.    The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

   c.    The failure to take adequate steps to verify information that Defendant had reason to believe was inaccurate before including it in the credit report of the Plaintiff.

119.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

120.    The conduct, action and inaction of Defendant Experian was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

121.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant in an

amount to be determined by the Court pursuant to 15. U.S.C. 15 § 1681(n).

**NINTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681e(b) as to Defendant Transunion**

122.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein with the same force and effect as if the same were set forth at length

herein.

123.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

124.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or

follow reasonable procedures to assure maximum possible accuracy in the preparation of the

credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

125.    Defendant Transunion has negligently failed to comply with the FCRA. The failure of

Transunion to comply with the FCRA includes but is not necessarily limited to the following:

  a.  The failure to follow reasonable procedures to assure the maximum possible
      accuracy of the information reported;

  b.  The failure to note in the credit report that Plaintiff disputed the
      accuracy of the information;

  c.  The failure to take adequate steps to verify information Transunion had
      reason to believe was inaccurate before including it in the credit report of the
      consumer.

126.    As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff

suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest

money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit

denial.

127.    The conduct, action and inaction of Defendant Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

128.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## TENTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 USC § 1681e(b) as to Defendant Transunion

129.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

130.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

131.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

132.    Defendant Transunion has willfully failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

  a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

  b.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

  c.  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

133.    As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest

money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

134.    The conduct, action and inaction of Defendant Transunion was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

135.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## DEMAND FOR TRIAL BY JURY

136.    Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement against Defendant as follows:

1.  Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant as to Defendant Experian, Defendant Equifax, Defendant Transunion, and Defendant Ally;

2.  Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant as to Defendant Experian, Defendant Equifax, Defendant Transunion, and Defendant Ally;

3.  Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant as to Defendant Experian, Defendant Equifax, Defendant Transunion, and Defendant Ally;

4.  Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** November 16, 2023

Respectfully submitted

JAFFER & ASSOCIATES PLLC

/s/ *Shawn Jaffer*
**Shawn Jaffer**
State Bar No. 24107817
5757 Alpha Rd., Ste 580
Dallas, Texas 75240
Tel:    (214) 945-0000
Fax:    (469) 669-0786
Email: wdtx@jaffer.law
***Attorneys for Plaintiff***