IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VAN BOWMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-23-CV-1451-FB |
| | § | |
| ALLY FINANCIAL, INC.; EXPERIAN | § | |
| INFORMATION SOLUTIONS, INC.; | § | |
| EQUIFAX INFORMATION SERVICES, LLC; | § | |
| and TRANS UNION, LLC, | § | |
| | § | |
| Defendants. | § | |

## *<u>ORDER OF ADMINISTRATIVE CLOSURE</u>*

Before the Court is the status of the above styled and numbered cause. On April 3, 2024, a Stipulation of Dismissal was filed by Plaintiff and Defendant Trans Union, LLC (docket #28), dismissing the claims between these parties. On June 4, 2024, a Notice of Settlement was filed between the Plaintiff and Defendant Experian Information Solutions, Inc. (docket #29), requesting 60 days from the date of the Notice to file the appropriate dismissal documents with the Court. On June 6, 2024, a Notice of Settlement was filed between the Plaintiff and Defendant Equifax Information Services, LLC, and a Stipulation of Dismissal as to the claims between these parties was filed on July 26, 2024 (docket #38). On July 10, 2024, a Notice of Settlement was filed between Plaintiff and Ally Financial, Inc. (docket #37), also requesting 60 days from the date of the Notice to file the appropriate dismissal documents with the Court.

Based on the foregoing, the Court finds this case cannot be finalized and formally closed until the last stipulation of dismissal is received, which should occur on or about September 10, 2024, and therefore, the case is appropriate for administrative closure until all the appropriate settlements are finalized and corresponding dismissals are filed with the Court. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay. . . .").

Accordingly, the Clerk of Court is DIRECTED to ADMINISTRATIVELY CLOSE this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request or on the Court's own motion. Parties may continue to file motions and documents in the case including the outstanding stipulations of dismissal. Once the final stipulation of dismissal is filed, the Court will reopen the case so the appropriate order may be entered and the case formally closed.

It is so ORDERED.

SIGNED this 31st day of July, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE